UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CHRISTIAN ACHEE and MAUSHEA ACHEE,

                                  Plaintiffs,

        -against-

CITY OF NEW YORK, EDWARD SILVESTER, Individually,
MICHAEL MENDOLA, Individually, WILLIAM SCHRODER,
Individually, "JOHN" LEWIS, Individually, "JOHN" ANTOINE,
Individually, and JOHN and JANE DOE 1 through 29, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                                  Defendants,

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE, by their attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.  Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff CHRISTIAN ACHEE is a thirty-two-year-old man residing in Queens, New York.

7.  Plaintiff MAUSHEA ACHEE is a twenty-one-year-old woman residing in Queens, New York.

8.  Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.  Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10. That at all times hereinafter mentioned, the individually named defendants, EDWARD SILVESTER, MICHAEL MENDOLA, WILLIAM SCHRODER, "JOHN" LEWIS, "JOHN" ANTOINE, and JOHN and JANE DOE 1 through 29, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11. That at all times hereinafter mentioned the defendants, either personally or through

their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

### The First Incident

13. On October 31, 2016, beginning approximately 9:30 p.m., in the vicinity of Bennett Court and Dennis Street, Queens, New York, plaintiff CHRISTIAN ACHEE was seized without probable cause, subjected to excessive and otherwise unreasonable force, assaulted, battered, tasered, and unlawfully imprisoned, by defendant NYPD officers EDWARD SILVESTER, MICHAEL MENDOLA, WILLIAM SCHRODER, "JOHN" LEWIS, "JOHN" ANTOINE, and JOHN and JANE DOE 1 through 8, through direct participation and/or through failure to intervene despite having a meaningful opportunity to do so.

14. At the aforementioned time, plaintiff ACHEE was jogging near his residence located at 132-42 Bennett Court, Queens, New York, when he heard gunshots.

15. Out of concern for his safety, plaintiff ACHEE began to sprint towards his residence, which was approximately five houses away from his present location.

16. As he sprinted, ACHEE slipped on a curb, fell and injured his shoulder, sustaining a small cut.

17. Plaintiff ACHEE lifted himself up and leaned against a telephone pole to steady himself. He then noticed an unmarked police van turn the corner and drive towards him.

18.     As ACHEE started to walk away, the police van stopped, and three defendant officers exited. The defendant officers called ACHEE to come to them.

19.     Plaintiff ACHEE asked the defendants to tell him if he had done something wrong but only received a general response about gunshots.

20.     ACHEE was calm and cooperative as he explained to the defendant officers that he wasn't hurt, that he had nothing to do with any gunshots, and that he was on his way home

21.     The defendant officers noticed the small cut on ACHEE's shoulder and, despite the wound looking nothing like a bullet wound, repeatedly insisted ACHEE had been shot.

22.     The three defendant officers interrogated ACHEE over and over again about the reported gunshots, all the while insisting, in sum and substance, they were purportedly only trying to keep him safe.

23.     Plaintiff ACHEE lawfully started to walk in the direction of his home.

24.     There was no reason for the defendant officers to believe ACHEE was in anyway connected to the reported gunshots and the defendant officers had no basis for suspicion sufficient to detain, interrogate, and/or arrest plaintiff.

25.     Nonetheless, as ACHEE was walking away, defendant officers followed him.

26.     The initial three defendant officers who had stopped him were joined by approximately ten additional officers, and together the officers began surrounding plaintiff, impeding his path.

27.     Plaintiff ACHEE turned around to face the three defendant officers who had initially approached him and, in sum and substance, asked why he was being followed.

28.     In response, without warning or justification, defendant officers grabbed ACHEE and placed him in rear handcuffs in an overtight manner. ACHEE immediately and repeatedly

complained the handcuffs were causing him pain, but the defendants surrounding him refused to remove or adjust the handcuffs.

29. One of the defendant officers said to ACHEE, in sum and substance, "Shut the fuck up, nigger."

30. When ACHEE started to turn to the defendant officer who made the racist comment, defendant SILVESTER needlessly and repeatedly discharged his Taser into ACHEE'S back and side.

31. ACHEE fell to the ground in pain.

32. Defendant officers further assaulted ACHEE as he was on the ground, still in rear handcuffs. Plaintiff was struck all over his body, dragged on the ground and his faced was pushed into the dirt, glass, and other street debris.

33. Although ACHEE had committed no crime or offense, and was not engaged in any behavior that posed a danger to himself or anyone else, defendant officers kept him imprisoned on the street, rear handcuffed, and surrounded by NYPD officers.

34. ACHEE's wife, plaintiff MAUSHEA ACHEE, and a number of neighbors witnessed the defendants' actions towards the plaintiff, causing him shame, humiliation, and embarrassment.

35. ACHEE remained rear handcuffed, in police custody, as he was then transported to Jamaica Hospital. This positioning caused ACHEE to be in significant and unnecessary pain from his shoulder wound which defendants' assault had exacerbated.

36. ACHEE pleaded with the defendants transporting him to either remove his handcuffs or front handcuff him instead because of his shoulder wound. Defendants refused.

37. Upon arrival at Jamaica Hospital, ACHEE was handcuffed to a bed. Defendant

officers at the hospital refused to remove plaintiff's handcuffs when initially asked by a doctor, impeding his medical care.

38. ACHEE's treatment at Jamaica Hospital included, without limitation, 3 stitches to close a wound to his thumb and 11 stitches to close the wound to his shoulder.

39. ACHEE remained in police custody until he was released from the hospital without any charges on November 1, 2016, at approximately 3:30 a.m.

40. ACHEE received additional emergency medical treatment at LIJ Hospital on November 3, 2016.

The Second Incident

41. On November 3, 2016, beginning at approximately 6:30 p.m., plaintiffs MAUSHEA ACHEE and CHRISTIAN ACHEE were assaulted, battered, and subjected to excessive and otherwise unreasonable force while lawfully present inside their residence located at 132-42 Bennett Court, Queens, New York, by NYPD officers JOHN and JANE DOE 9 through 29, through direct participation and/or through failure to intervene despite having a meaningful opportunity to do so. Also lawfully present were plaintiffs' infant son, and a few adult friends, none of whom are parties to this action.

42. At such time, defendant officers kicked open the door leading into plaintiffs' home and approximately 20 NYPD officers, JOHN and JANE DOE 10 through 29, rushed in without notice or warning.

43. In the process, the door and a piece of the adjoining wall were broken.

44. Most of the defendants were in SWAT gear wielding assault rifles.

45. MAUSHEA ACHEE heard the banging and loud voices from the bathroom, and when she saw the side door open and the officers in SWAT gear inside her house, she immediately

6

put her hands up out of fear and to show compliance. MAUSHEA ACHEE repeatedly informed the defendant officers her infant son was upstairs.

46. Defendant JOHN DOE 9, unreasonably and without justification, grabbed MAUSHEA ACHEE'S arms, rear handcuffed her in an overtight manner causing pain, pushed her face-down onto the floor, and held her down by putting his booted foot on her neck.

47. Plaintiff MAUSHEA ACHEE was in pain and terrified. She asked what was happening, and to see the warrant, and was told, in sum and substance, to shut up and let the officers search.

48. Plaintiff MAUSHEA ACHEE told defendant JOHN DOE 9 that he was hurting her, but she was ignored. JOHN DOE 9 did not stop stepping on her neck or shift his weight or position, nor did he adjust the overtight handcuffs, despite MAUSHEA ACHEE's complaints.

49. Defendant JOHN DOE 9 kept his foot on MAUSHEA ACHEE'S neck the entire time the defendants were in the house hurting her without any relief.

50. Plaintiff CHRISTIAN ACHEE was in the living room when the defendant officers broke into his home. CHRISTIAN ACHEE thought he was being robbed until he was confronted by an officer in SWAT gear directing an assault rifle at his face.

51. Plaintiff CHRISTIAN ACHEE was immediately kicked to the floor by one of the defendant officers.

52. Plaintiff CHRISTIAN ACHEE's arms were roughly grabbed and twisted behind him as he was rear handcuffed, in an overtight manner, causing significant pain to his shoulder, which was injured during the first incident, detailed above.

53. Plaintiff CHRISTIAN ACHEE pleaded with the defendants to stop hurting him, explaining that he was injured and in great pain, but was ignored.

54. Defendant officers proceeded to kick plaintiff about his body causing bruising, pain, and knots to his head.

55. Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE were each face down on the floor rear handcuffed, fully cooperative, posing no threat, when subjected to the above described instances of unnecessary and excessive force.

56. Defendant officers JOHN and JANE DOE 9 through 29 were present and participated in the above described uses of force or had a meaningful opportunity to intervene in the use of excessive force against CHRISTIAN ACHEE and MAUSHEA ACHEE but failed to do so.

57. Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE were terrified for their infant son, they did not know where he was, or if he was safe, only that he was somewhere upstairs. They kept asking defendant officers to allow MAUSHEA ACHEE'S mother to come take care of their baby, but defendants ignored their pleas.

58. Despite asking repeatedly, neither CHRISTIAN ACHEE nor MAUSHEA ACHEE were ever shown a warrant.

59. After some time, CHRISTIAN ACHEE and MAUSHEA ACHEE were dragged out of the house by their arms and thrown into a police truck,.

60. Eventually, in a dangerous, reckless, and negligent manner, defendant JANE DOE 10 brought the ACHEES' infant son out of the house.

61. JANE DOE 10 brought the infant outside in the cold barely clothed and holding the infant without supporting the infant's weight, allowing the infant's head to swing back and forth.

62. JANE DOE 10's treatment of the infant caused MAUSHEA ACHEE significant emotional distress and she begged JANE DOE 10 to hold the infant's head. JANE DOE 10 ignored

MAUSHEA ACHEE and defendant officers did not intervene and would not permit MAUSHEA ACHEE'S mother to take the infant at that time.

63. Plaintiff MAUSEHA ACHEE was so concerned for the welfare of her infant son that she did not immediately notice she was bleeding from a long vertical gash on the back of her neck caused by the defendant officer holding her down to the floor by standing with his boot on her neck.

64. Defendants JOHN and JANE DOE 9 through 29 did not offer MAUSHEA ACHEE first aid, her wound was not cleaned or covered, and she was not asked if she wanted medical treatment at any time.

65. Plaintiff MAUSHEA ACHEE arranged for her own medical care with her primary care physician upon her release from the precinct with a desk appearance ticket. Plaintiff MAUSHEA ACHEE has a permanent approximately eight to ten inch vertical scar on her neck from the defendant officers' actions.

66. As a direct result of defendants' actions on November 3, 2016, MAUSHEA ACHEE suffered pain, emotional distress, and physical injury, including but not limited to, an approximately ten inch bleeding gash and scratches to her neck and forehead, permanent scarring, fear for her infant son, and anxiety.

67. As a direct consequence of defendants' actions on October 31, 2016 through November 1, 2016 and November 3, 2016, CHRISTIAN ACHEE suffered physical pain, emotional distress, and physical injury, including but not limited to, multiple lacerations to the right shoulder, right upper arm, right chest, right hand, right thumb, torso, and contusions to the left chest, resulting in CHRISTIAN ACHEE requiring 3 stitches to close the wound to his thumb and 11 stitches to close the wound to his shoulder, bruising to his ribs, knots to his head, fear,

anxiety, sleep disturbance, difficulties with crowds and leaving his residence.

68. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of unlawfully detaining and imprisoning individuals, employing excessive force, using abusive and racist language, retaliation, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

69. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause, the use of force, and engage in cover ups of police abuse.

70. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

71. Further, with respect to the custom and practice of using excessive force, and lack of training in that regard, the New York City Department of Investigation Office of the Inspector General for the NYPD issued a report on October 1, 2015, available on the City of New York's website at https://www1.nyc.gov/assets/doi/press-releases/2015/oct/pr_uofrpt_100115.pdf. Said report acknowledged that between the years of 2010 and 2014 the Civilian Complaint Review

Board substantiated 179 force cases.  The report further affirmed the lack of proper training, policies, practices, and discipline of NYPD officers with respect to use of force, finding that the "NYPD's current use-of-force policy is vague and imprecise, providing little guidance to individual officers on what actions constitute force."  The report further found that the NYPD frequently failed to impose discipline when provided with evidence of excessive force.

72.　Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the Plaintiffs' civil rights.

73.　Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

74.　All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

75.　All of the aforementioned acts deprived Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

76.　The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

77. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

78. As a result of the foregoing, Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

79. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. On October 31, 2016 through November 1, 2016, Defendants unlawfully imprisoned Plaintiff CHRISTIAN ACHEE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

81. Defendants caused Plaintiff CHRISTIAN ACHEE to be unlawfully imprisoned.

82. As a result of the foregoing, Plaintiff CHRISTIAN ACHEE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983)

83. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84. The level of force employed by defendants was excessive, objectively unreasonable

and otherwise in violation of Plaintiff CHRISTIAN ACHEE and MAUSHEA ACHEE'S constitutional rights.

85. As a result of the aforementioned conduct of defendants on October 31, 2016 through November 1, 2016, and on November 3, 2016, Plaintiff CHRISTIAN ACHEE was subjected to excessive force and sustained physical injuries and emotional distress.

86. As a result of the aforementioned conduct of defendants on November 3, 2016, Plaintiff MAUSHEA ACHEE was subjected to excessive force and sustained physical injuries and emotional distress.

87. As a result of the foregoing, Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

88. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89. Defendants had an affirmative duty to intervene on behalf of Plaintiff CHRISTIAN ACHEE, whose constitutional rights were being violated in their presence by other officers on October 31, 2016 through November 1, 2016 and on November 3, 2016.

90. Defendants had an affirmative duty to intervene on behalf of Plaintiff MAUSHEA ACHEE, whose constitutional rights were being violated in their presence by other officers on November 3, 2016.

91. The defendants failed to intervene to prevent the unlawful conduct described

herein.

92. As a result of the foregoing, Plaintiff CHRISTIAN ACHEE'S liberty was restricted for an extended period of time, he was put in fear of his safety, physically injured, and he was humiliated and subjected to handcuffing and other physical restraints.

93. As a result of the foregoing, Plaintiff MAUSHEA ACHEE was put in fear of her and her infant son's safety, physically injured, and subjected to abuse.

94. As a result of the foregoing, Plaintiffs CHRISTIAN ACHEE are MAUSHEA ACHEE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

95. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. The supervisory defendants personally caused Plaintiff CHRISTIAN ACHEE and MAUSHEA ACHEE'S constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

97. As a result of the foregoing, Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

98. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "97" with the same force and effect as if fully set forth herein.

99. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

100. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting individuals to excessive force, detaining and unlawfully imprisoning citizens without probable cause, and then committing perjury and/or manufacturing evidence in an effort to conceal such unlawful actions. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

101. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE.

102. The foregoing customs, policies, usages, practices, procedures and rules of the

CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE as alleged herein.

103. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE as alleged herein.

104. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE as alleged herein.

105. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs CHRISTIAN ACHE and MAUSHEA ACHEE'S constitutional rights.

106. All of the foregoing acts by defendants deprived Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE of federally protected rights, including, but not limited to, the right:

    A.    To be free from false arrest/unlawful imprisonment;

    B.    To be free from excessive force; and

    C.    To be free from the failure to intervene.

As a result of the foregoing, Plaintiff's CHRISTIAN ACHEE and MAUSHEA ACHEE are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, Plaintiffs CHRISTIAN ACHEE and MAUSHEA ACHEE demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
September 20, 2019

        BRETT H. KLEIN, ESQ., PLLC
        Attorneys for Plaintiffs CHRISTIAN ACHEE
        and MAUSHEA ACHEE
        305 Broadway, Suite 600
        New York, New York 10007
        (212) 335-0132

By: *Brett Klein*
        BRETT H. KLEIN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

CHRISTIAN ACHEE and MAUSHEA ACHEE,

                              Plaintiffs,

      -against-

CITY OF NEW YORK, EDWARD SILVESTER, Individually,
MICHAEL MENDOLA, Individually, WILLIAM SCHRODER,
"JOHN" LEWIS, Individually, "JOHN" ANTOINE, Individually,
and JOHN and JANE DOE 1 through 29, Individually,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                              Defendants,

------------------------------------------------------------------------------X

Index No.:

## COMPLAINT

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiffs
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132